1  MICHAEL A. FIRESTEIN (SBN 110622)
      mfirestein@proskauer.com
2  NAVID SOLEYMANI (SBN 219190)
      nsoleymani@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
5  Facsimile:    (310) 557-2193

6  *Attorneys for Plaintiff and Counter-Defendant
   LIFTED RESEARCH GROUP, INC.*
7
   RICHARD A. KOLBER (SBN 125869)
8  LAW OFFICES OF RICHARD A. KOLBER
   2029 Century Park East, Suite 900
9  Los Angeles, California 90067-2910
   Telephone:  (310) 557-1902
10 Facsimile:    (310) 557-1904
   rakolber1@sbcglobal.net
11
   IRA S. SACKS
12 AKERMAN SENTERFITT LLP
   335 Madison Avenue, 26th Floor
13 New York, NY 10017
   Telephone: (212) 880-3827
14 Facsimile:  (212) 905.6458
   ira.sacks@akerman.com
15
   *Attorneys for Defendants and Counter-Claimants
16 SUPER SEXY LLC and COOGI MENSWEAR LLC*

17
                        UNITED STATES DISTRICT COURT
18
                       CENTRAL DISTRICT OF CALIFORNIA
19

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUPER SEXY LLC, a New York limited liability company, COOGI MENSWEAR LLC, a New York limited liability company, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV 11-00053 AG (AJWx)<br><br>DISCOVERY MATTER<br><br>Hon. Andrew J. Wistrich<br><br>**PROTECTIVE ORDER BASED ON JOINT STIPULATION GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIAL**<br><br>Action Filed:  December 10, 2010<br>Trial Date:     April 17, 2012 |

WHEREAS, Plaintiff and Counter-Defendant Lifted Research Group, Inc. and Defendants and Counter-Claimants Super Sexy LLC and Coogi Menswear, LLC (collectively, the "parties") intend to produce documents and information that may contain confidential material;

WHEREAS, the parties have submitted a Joint Stipulation for Entry of Protective Order Governing Disclosure of Confidential Information (the "Stipulation"), a copy of which is attached as Exhibit A and is incorporated herein by reference; and

WHEREAS, the Court has considered the Stipulation and finds good cause to enter the requested Protective Order set forth therein;

IT IS HEREBY ORDERED that the parties' request for entry of a Protective Order as set forth in the Stipulation is GRANTED and that the Stipulation is hereby APPROVED as a Protective Order and entered this 12th day of August, 2011.

_____
Hon. Andrew J. Wistrich

| | |
|---|---|
| 1 | MICHAEL A. FIRESTEIN (SBN 110622) |
| | mfirestein@proskauer.com |
| 2 | NAVID SOLEYMANI (SBN 219190) |
| | nsoleymani@proskauer.com |
| 3 | PROSKAUER ROSE LLP |
| | 2049 Century Park East, 32nd Floor |
| 4 | Los Angeles, CA 90067-3206 |
| | Telephone: (310) 557-2900 |
| 5 | Facsimile: (310) 557-2193 |
| 6 | *Attorneys for Plaintiff and Counter-Defendant* |
| | *LIFTED RESEARCH GROUP, INC.* |
| 7 | |
| 8 | RICHARD A. KOLBER (SBN 125869) |
| | LAW OFFICES OF RICHARD A. KOLBER |
| 9 | 2029 Century Park East, Suite 900 |
| | Los Angeles, California 90067-2910 |
| 10 | Telephone: (310) 557-1902 |
| | Facsimile: (310) 557-1904 |
| 11 | rakolber1@sbcglobal.net |
| 12 | IRA S. SACKS |
| | AKERMAN SENTERFITT LLP |
| 13 | 335 Madison Avenue, 26th Floor |
| | New York, NY 10017 |
| 14 | Telephone: (212) 880-3827 |
| | Facsimile: (212) 905.6458 |
| 15 | ira.sacks@akerman.com |
| 16 | *Attorneys for Defendants and Counter-Claimants* |
| | *SUPER SEXY LLC and COOGI MENSWEAR LLC* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUPER SEXY LLC, a New York limited liability company, COOGI MENSWEAR LLC, a New York limited liability company, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV 11-00053 AG (AJWx)<br><br>DISCOVERY MATTER<br><br>Hon. Andrew J. Wistrich<br><br>**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIAL**<br><br>Action Filed: December 10, 2010<br>Trial Date: April 17, 2012 |

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

## RECITALS

A.  Discovery is underway in this action, and Plaintiff and Counter-Defendant Lifted Research Group, Inc. ("Plaintiff" or "LRG") and Defendants and Counter-Claimants Super Sexy LLC ("SSL") and Coogi Menswear, LLC (collectively, "Defendants") have exchanged, or will exchange, requests for production of documents and associated productions therewith, and seek to take certain depositions.

B.  In order to facilitate discovery, including the production of documents that may contain confidential information, Plaintiffs and Defendants (collectively, the "parties" and, separately, "party") have agreed to enter into this Stipulation for Entry of Protective Order Governing Disclosure of Confidential Material (the "Stipulation") and to seek a Court Order incorporating the terms of the Stipulation (the "Protective Order"), as follows:

## STIPULATION

IT IS HEREBY STIPULATED, by and between the parties, through their respective attorneys of record, as follows:

1.  This Stipulation and the Protective Order shall apply to all "Confidential Information" and "Attorneys' Eyes Only Information" as those terms are defined herein.

2.  "Confidential Information" is testimony, written, electronic or recorded materials of any kind, and information in any other form, produced or disclosed by any party in connection with discovery, settlement discussions or other proceedings in this case, which the producing party contends in good faith contains confidential or proprietary information. Confidential Information shall be designated as such by the party producing it as follows:

    (a)  In the case of documents, discovery requests, discovery responses and other things, the producing party shall indicate at any time up to five business days after production or disclosure that the

|   |   |
|---|---|
| 1 | materials or information is confidential by marking it "Confidential" or putting some other similar designation thereon, or by indicating in some other appropriate fashion that the materials or information produced is subject to this Stipulation and/or the Protective Order.  If the documents are produced by a third party, each party shall have ten (10) days after such production to designate the documents as Confidential Information. |

       (b)     In the case of deposition transcripts and exhibits to those depositions, counsel for the party designating portions of the testimony or exhibits as confidential shall make a statement on the record to designate the portions of the record (including exhibits) containing Confidential Information.  If such a designation is made, the original and each copy of the deposition transcript (including exhibits) shall bear the legend "Confidential" on the cover page.  A party shall have up to thirty days after receipt of a deposition transcript to designate portions as "Confidential" on the cover page.

   3.     Confidential Information shall be used solely for the purpose of conducting this litigation and not for any business or other purpose.  Confidential Information shall not be disclosed to the general public and shall not be disclosed to anyone for any commercial, business, or competitive purpose.  For purposes of conducting this litigation, Confidential Information, or any summary or abstract thereof, may be disclosed, directly or indirectly, only to the following persons:

       (a)     The Court, including its clerks, reporters and staff, in accordance with the provisions of this Stipulation and the Protective Order, if applicable;

  (b) The parties' counsel, and partners, associates, and employees of such counsel, to whom it is necessary that such information be shown for purposes of conducting this action;

  (c) Any certified shorthand or court reporter or videographer retained to report or videotape a deponent's testimony taken in this matter;

  (d) Experts and consultants retained to assist a party in the preparation for trial and trial of this action, but only to the extent necessary to enable such experts or consultants to render such assistance and, further, only to such experts and consultants who agree to be bound by the terms of this Stipulation and the Protective Order and to maintain the confidentiality of the material.

  (e) The parties, and their respective officers, directors, and employees;

  (f) Witnesses, deponents, or prospective witnesses that a party's counsel may consider deposing or calling at trial, to the extent it is reasonably necessary that such information be shown for purposes of conducting the action, and, further, only to such witnesses, deponents, or prospective witnesses agree to be bound by the terms of this Stipulation and the Protective Order and to maintain the confidentiality of the material.

  (g) Outside litigation support vendors, including commercial photocopying vendors and scanning services vendors; and

  (h) Any mediator of this action.

  4. "Attorneys' Eyes Only Information" is testimony, written or recorded materials, and information in any other form, produced or disclosed by any party in connection with discovery or other proceedings in this case, which contains or sets forth proprietary financial data, tax data, personnel, proprietary customer, supplier, or distributor information, proprietary costing and pricing information, or any other proprietary business information or activities or personal financial information of any

party hereto. Notwithstanding the foregoing, no financial information related to the parties' performance under the License Agreement (as that term is used in the Complaint), including, without limitation, sales data and information and any expenses incurred in connection with the design, development, manufacturing, sourcing, production, marketing, advertising, promoting, merchandising, sales or distribution of LUXIRIE products (including salaries, commissions, draws against commission, bonuses, advances and any other forms of compensation however paid or incurred), both prior to and subsequent to the License Agreement, shall be included within the designation of "Attorneys' Eyes Only Information." Notwithstanding the foregoing, however, the inclusion of the foregoing categories of documents does not mean that the parties have agreed to produce such documents, and the parties reserve the right to object to the production of any requested documents as not being reasonably calculated to lead to the discovery of admissible evidence or pursuant to any other basis. Attorneys' Eyes Only Information shall be designated as such by the person producing it as follows:

    (a)    In the case of documents, discovery requests, discovery responses and other things, the producing party shall indicate anytime up to the time of production or disclosure that the materials or information is confidential by marking it "Confidential - Attorneys' Eyes Only" or putting some other similar designation thereon, or by indicating in some other appropriate fashion that the materials or information produced is subject to an Attorneys' Eyes Only designation under this Stipulation and the Protective Order. If the documents are produced by a third party, each party shall have ten (10) days after such production to designate the documents as Attorneys' Eyes Only Information.

    (b)    In the case of portions of deposition transcripts and exhibits to those depositions, counsel for the party designating the testimony

or exhibits as Attorneys' Eyes Only shall make a statement on the record to designate the portions of the record (including exhibits) containing Attorneys' Eyes Only Information.  If such a designation is made, the original and each copy of the deposition transcript (including exhibits) shall bear the legend "Confidential -- Attorneys' Eyes Only" on the cover page.  A party shall have up to thirty days after receipt of a deposition transcript to designate it Attorneys' Eyes Only on the cover page.

5. Attorneys' Eyes Only Information shall be used solely for the purpose of conducting this litigation and not for any business or other purpose.  Attorneys' Eyes Only Information shall not be disclosed by the recipient attorney to his client (nor to any agents, employees, or officers of his client) and shall not be disclosed to the general public, or to anyone for any commercial, business, or competitive purpose.  Attorneys' Eyes Only Information, or any summary or abstract thereof, may be disclosed, directly or indirectly, only to the following persons:

    (a) The Court, including its clerks, reporters and staff, in accordance with the provisions of this Stipulation and the Protective Order, if applicable;

    (b) The parties' counsel, and partners, associates, and employees of such counsel, to whom it is necessary that such information be shown for purposes of conducting this action;

    (c) Any certified shorthand or court reporter or videographer retained to report or videotape a deponent's testimony taken in this matter; and

    (d) Experts and consultants retained to assist a party in the preparation for trial and trial of this action, but only to the extent necessary to enable such experts or consultants to render such assistance and, further, only to such experts and consultants who agree to be

bound by the terms of this Stipulation and the Protective Order and to maintain the confidentiality of the material, and further, only to such experts and consultants who are not parties or employees of parties.

6. Before any party may file with the court clerk Confidential Information or Attorneys' Eyes Only Information in the form of a document, interrogatory answer, deposition transcript, pleading, or other record or tangible item, that party shall file a motion with the Court that the document, discovery response or deposition transcript be filed under seal in accordance with the Federal Rules of Civil Procedure and Local Rule 79-5.1 of the Local Rules for the Central District of California.  In so doing, the party whose confidential material is the subject of, or is to be included in, such filing will be afforded an opportunity to provide supportive information to be included with such filing regarding the confidentiality of the information.  If the Court denies or otherwise rejects the filing under seal, the parties agree to maintain the confidentiality of the material as provided herein in their dealings with each other and with third parties.

7. Other than the Court (including its clerks, reporters and staff) and counsel, who have appeared of record in this case, including partners, associates, and employees of such counsel, each person to whom any Confidential Information or Attorneys' Eyes Only Information is disclosed pursuant to this Stipulation and the Protective Order shall be advised that such information is being disclosed pursuant to and subject to the terms of this Stipulation and the Protective Order, and that the sanctions for any violation of the Protective Order include penalties which may be imposed by the Court for contempt.  Such persons shall also be advised of the terms of this Stipulation and the Protective Order.

8. This Stipulation and the Protective Order is not intended to and shall not extend to documents and information obtained by a party independently of this action, even if copies or originals of the same documents and information have been

designated by the other party as Confidential or Attorneys' Eyes Only Information. Further, this Stipulation and the Protective Order is not intended to and shall not prevent a party from showing any deponent in this action documents or other material designated as Confidential Information or Attorneys' Eyes Only Information, if the deponent was the author, sender, or a recipient of such documents or other materials, or can otherwise be demonstrated to have had prior access to or receipt of said documents or other materials. Further, a party's use of its own documents and other things which it produces or discloses in this action shall not be considered a violation of this Stipulation or the Protective Order.

9. A party shall not be obligated to challenge the propriety of the designation of a document or thing as Confidential Material or Attorneys' Eyes Only Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party disagrees at any state of these proceedings with the designation by the designating party, the party disagreeing with such designation must notify the designating party in writing of the objection. Upon receipt of notice of such an objection, the designating party shall notify the objecting party within seven (7) days regarding whether it withdraws the designation. If the designating party notifies the objecting party that it refuses to withdraw the designation, it also shall provide the basis for why the designated item may be protected from public disclosure. The objecting party may then seek a ruling from the Court regarding whether the designated item may be publicly disclosed. In any such proceeding, the designating party shall retain the burden of showing that the designated item may be protected from public disclosure under applicable law, and the Court may award attorneys' fees to the prevailing party in the event the Court finds that the item was designated in bad faith or in the event the Court finds that the objection was made in bad faith.

10. Without limiting other remedies which may be available, if Confidential Material or Attorneys' Eyes Only Information is disclosed in violation of this

Stipulation or the Protective Order, the party who produced such information may, in addition to any other remedies which he may have hereunder or at law or in equity, seek a temporary restraining order and/or a preliminary and/or permanent injunction with a decree for specific performance of the terms hereof, in order to restrain a party's further unauthorized dissemination of the material or to compel a third party to return such material. As between the parties hereto, jurisdiction and venue in any action for such injunctive or other relief, or to enforce or interpret the provisions hereof, shall be in the federal court in the Central District of California, or in a state court of competent subject matter jurisdiction in Orange County, California. Nothing in this paragraph is intended to alter or lessen the legal requirements to obtain (a) a temporary restraining order and/or a preliminary and/or permanent injunction with a decree for specific performance of the terms hereof or other Court order, or (b) an order of contempt or otherwise that a party is in violation of a Court order.

11. The parties and their counsel of record agree to require all persons under their control who may come into contact with any Confidential Material or Attorneys' Eyes Only Information, including all persons to whom they may deliver such material, to be bound by the same obligations of confidentiality imposed on them hereunder.

12. If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the Receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request shall, in accordance with applicable law, promptly give written notice thereof to the Producing Party with respect to such information and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

13. The terms and conditions of this Stipulation and the Protective Order shall remain in full force and effect and shall survive the final resolution of the action unless the Stipulation or the Protective Order is terminated or modified by written

stipulation of the parties, or by Order of the Court.  The terms of this Stipulation and Protective Order shall not govern the trial of this case, which shall be conducted as ordered by the Court.  Protection sought by any party at trial shall be sought independently of this Order.

14.     Upon conclusion of the litigation, a party in the possession of Confidential Material or Attorneys' Only Information, other than which is contained in pleadings, other court filings, motions, correspondence, deposition transcripts, written discovery responses, attorney work product and case preparation materials shall either (a) return such documents no later than thirty (30) days of conclusion of this action, including any post-trial motion or appellate proceeding, to counsel for the party who supplied such information, or (b) destroy such documents within thirty (30) days of conclusion of this action and certify in writing within thirty (30) days that the documents have been destroyed.  The foregoing notwithstanding, outside counsel of record may retain an archive copy of all of its legal files, including portions of those legal files containing or comprising Confidential Material or Attorneys' Only Information.  This Stipulation and the Protective Order shall continue to be binding after the conclusion of this litigation, except as provided in paragraph twelve.

15.     This Stipulation shall bind the parties from the date of execution hereof, prior to and in the absence of entry of a Protective Order by the Court.  This Stipulation may be amended or modified by written stipulation of the parties or by order of the Court.

16.     This Stipulation may be executed in counterparts, each of which shall be deemed part of the original and all of which shall constitute one and the same agreement.

Dated: August 10, 2011

PROSKAUER ROSE LLP
Michael A. Firestein
Navid Soleymani

/s/
Navid Soleymani

Attorneys for Plaintiff and Counter-Defendant Lifted Research Group, Inc.

Dated: August 10, 2011

AKERMAN SENTERFITT LLP
Ira S. Sacks

/s/
Ira S. Sacks

Attorneys for Defendants and Counter-Claimants Super Sexy LLC and COOGI Menswear LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On August 11, 2011, I served the foregoing document described as:

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIAL; [PROPOSED] PROTECTIVE ORDER BASED ON JOINT STIPULATION GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIAL**

on the interested parties in this action:

☑ (By Case Management/Electronic Case Filing) By electronic transmission of a copy of the document and Notice of Electronic Filing to:

Richard A. Kolber, Esq.
LAW OFFICES OF RICHARD A. KOLBER
2029 Century Park East, Suite 900
Los Angeles, CA 90067-2910
rakolber1@sbcglobal.net

Ira S. Sacks, Esq.
AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, NY 10017
ira.sacks@akerman.com

☑ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 11, 2011 at Los Angeles, California.

/s/ _____
Patty Hays